IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER HOUCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHIEL SWEENY, *et al.*, )<br>)<br>Defendants. )<br>) | Civil Action No. 24-1362-MN |

**REPORT AND RECOMMENDATION**

Plaintiff Christopher Houck ("Plaintiff"), an inmate at Howard R. Young Correctional Institute ("HRYCI"), filed this action on December 12, 2024, alleging violations of his civil rights under 42 U.S.C. § 1983. (D.I. 2) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) On April 4, 2025, the matter was referred to the undersigned Magistrate Judge for screening purposes only. (D.I. 8) This court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). For the following reasons, the court recommends the Complaint be **DISMISSED** without prejudice.

**I.    BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for purposes of screening. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues Sergeant Sweeny and Lieutenant Mock, who are corrections officers at HRYCI. Plaintiff alleges that on November 6, 2024, the power went out at HRYCI between approximately 10:00pm and 11:00pm. (D.I. 2 at 5) Thereafter, officers came into the pod and demanded everyone get on their stomachs with hands behind their backs. (*Id.*) Plaintiff states that he complied and was handcuffed. (*Id.*) Plaintiff states that while he was handcuffed Sgt. Sweeny

punched him in the face multiple times and Lt. Mock sprayed him with "OC" spray. (*Id.* at 5–6) Plaintiff states that he was brought to the nurse who applied glue to the wounds but no stitches. (*Id.* at 6) Plaintiff further alleges that he was not able to take a shower for two days, so the OC spray remained on him. (*Id.*) Plaintiff states that he filed a grievance but did not complete the grievance process. (D.I. 2 at 8)

Plaintiff seeks compensatory damages for his alleged injuries. (*Id.*)

## II.   LEGAL STANDARD

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions) 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly

baseless" or "fantastic or delusional" factual scenario.' " *Dooley v. Wetzel*, 957 F.3d. at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the court must grant a plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III.  DISCUSSION

Under the Prison Litigation Reform Act of 1996, a prisoner must pursue all available avenues for relief through the prison's grievance system before bringing a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997(e) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of the Revised Statutes of the United States, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e). The exhaustion requirement is mandatory. *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"). The limitations period for filing Section 1983 action is tolled during the period that a prisoner spends exhausting his administrative remedies. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 480 (3d Cir. 2019).

There is no futility exception to Section 1997e's exhaustion requirement. *Nyhuis v. Reno*, 204 F.3d 65, 75–76 (3d Cir. 2000). An inmate must fully satisfy the administrative requirements of the inmate grievance process before proceeding into federal court. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004); *see also Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (providing that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court"). Courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court. *See e.g., Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000); *Bolla v. Strickland*, 304 F. App'x 22 (3d Cir. 2008).

If the actions of prison officials directly caused the inmate's procedural default on a grievance, the inmate will not be held to strict compliance with this exhaustion requirement. *See Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000). In addition, an inmate's failure to exhaust will be excused "under certain limited circumstances." *Harris v. Armstrong*, 149 F. App'x 58, 59 (3d Cir. 2005). An inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." *Davis v. Warman*, 49 F. App'x 365, 368 (3d Cir. 2002); *see also Ross v Blake*, 578 U.S. 632, 640 (2016) (An administrative procedure is not available when it operates as a simple dead end; when it is so opaque that it becomes incapable of use; and when prison administrators thwart inmates from taking advantage of a grievance process through machination, misinterpretation, or intimidation.). Also, "administrative remedies are not 'available' under the PLRA where a prison official inhibits an inmate from resorting to them through serious threats of retaliation and bodily harm." *Rinaldi v. United States*, 904 F.3d 257, 267 (3d Cir. 2018).

Plaintiff states in his Complaint that the grievance process was not complete when he commenced this action. (D.I. 2 at 8) Although exhaustion is an affirmative defense, the court may *sua sponte* dismiss an action pursuant to Section 1915A when the failure to exhaust defense is obvious from the face of the Complaint. *See Caiby v. Haidle*, 785 F. App'x 64, 65 (3d Cir. 2019). Given Plaintiff's admission that the grievance process was not completed when he filed this action, dismissal without prejudice for failure to exhaust is warranted.

## IV.   CONCLUSION

For the foregoing reasons, I recommend the court dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). The failure of Plaintiff to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The Plaintiff is directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 17, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE